Filed 5/21/14  P. v. Kemp CA6

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>JAMES DANIEL KEMP, JR.,<br><br>    Defendant and Appellant. | H039800<br>(Monterey County<br>Super. Ct. No. SS080703) |

Defendant James Daniel Kemp, Jr. appeals from a judgment of conviction for assault with force likely to produce great bodily injury (former Pen. Code, § 245, subd. (a)(1)).  On appeal, he contends that the abstract of judgment must be corrected because it mistakenly describes his conviction as assault with a deadly weapon.  The Attorney General concedes that the abstract of judgment must be corrected.  The Attorney General additionally asserts that the clerk's minute order for the plea hearing should be corrected to describe defendant's offense as assault with force likely to produce great bodily injury.  As set forth below, we will order the abstract of judgment and the clerk's minute order to be corrected to accurately describe defendant's offense, and we will affirm the judgment in all other respects.

## PROCEDURAL HISTORY

On March 5, 2008, the Monterey County District Attorney filed an information charging defendant with battery with serious bodily injury (Pen. Code, § 243, subd. (d); count 1) and assault by means of force likely to produce great bodily injury or with a deadly weapon (former Pen. Code, § 245, subd. (a)(1); count 2). As to the assault charge, the information alleged that defendant personally inflicted great bodily injury (Pen. Code, § 12022.7, subd. (a)).

At the plea hearing on April 3, 2008, defendant expressed his intent to plead no contest to "assault with force likely to produce great bodily injury." After advising defendant of his rights, the trial court asked defendant, "[H]ow do you plead to count 2, assault with force likely to produce great bodily injury, guilty or no contest?" Defendant responded, "No contest." The clerk's minute order for the plea hearing states that defendant pleaded no contest to count 2, but it describes count 2 as "Assault: Deadly Weapon Other Than Firearm."

On May 29, 2008, the court suspended imposition of sentence and placed defendant on probation for three years with various terms and conditions. That same day, the battery charge and the great bodily injury enhancement were dismissed.

On June 5, 2009, the probation department filed a petition to revoke defendant's probation, alleging that defendant had violated the terms of his probation. On June 18, 2013, the court revoked and terminated defendant's probation, and it sentenced him to three years in prison.

The abstract of judgment states that defendant was convicted of violating Penal Code section 245, subdivision (a)(1) on April 3, 2008. The abstract of judgment describes the offense as "Assault: Deadly weapon."

Defendant filed a timely notice of appeal. This appeal followed.

2

## DISCUSSION[1]

"Rendition of judgment is an oral pronouncement." (*People v. Samaniego* (2009) 172 Cal.App.4th 1148, 1183.) "Where there is a discrepancy between the oral pronouncement of judgment and the minute order or the abstract of judgment, the oral pronouncement controls." (*People v. Zackery* (2007) 147 Cal.App.4th 380, 385.)

" 'It is not open to question that a court has the inherent power to correct clerical errors in its records so as to make these records reflect the true facts.' " (*People v. Mitchell* (2001) 26 Cal.4th 181, 185.) Courts "may correct clerical errors at any time." (*Ibid.*) An appellate court may correct clerical errors " 'on its own motion or upon the application of the parties.' " (*Id.* at pp. 186-187.)

Here, the trial court asked defendant to enter a plea to the crime of "assault with force likely to produce great bodily injury." In response, defendant stated that he pleaded no contest to that crime. This oral plea controls over the abstract of judgment and the clerk's minute order for the plea hearing, which incorrectly describe defendant's offense as assault with a deadly weapon. We will order the abstract of judgment and the clerk's minute order to be corrected to accurately describe defendant's conviction as assault with force likely to produce great bodily injury.

## DISPOSITION

The trial court is directed to amend the clerk's minute order of April 3, 2008 to omit the reference to count 2 as "Assault: Deadly Weapon Other than Firearm" and to specify that defendant pleaded no contest to assault with force likely to produce great bodily injury. The trial court is further directed to prepare an amended abstract of judgment that describes defendant's conviction as assault with force likely to produce

---

[1] The facts underlying defendant's conviction and probation revocation are irrelevant to our resolution of the issues presented on appeal. We therefore will not summarize those facts.

3

great bodily injury and to send a copy of the amended abstract of judgment to the Department of Corrections and Rehabilitation.  In all other respects, the judgment is affirmed.

_____
                      RUSHING, P.J.

WE CONCUR:

_____
           PREMO, J.

_____
         MÁRQUEZ, J.

4